UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL REEVES,

                Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                Defendants.

1:24-CV-2018 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Michael Reeves, of Brooklyn, Kings County, New York, filed this *pro se* action asserting claims under 42 U.S.C. § 1983 and state law. He sues: (1) the City of New York; (2) the New York City Police Department ("NYPD"); (3) "Detective John Doe 1 c/o NYPD Special Victims Squad"; (4) "Detective John Doe 2 c/o NYPD Special Victims Squad"; (5) "Detective John Doe 3 c/o NYPD Special Victims Squad"; (6) "Detective Jane Doe 1 aka Detective Davilla c/o NYPD Special Victims Squad"; and (7) "Detective Jane Doe 2 c/o NYPD Special Victims Squad." For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

The relevant venue provision for Plaintiff's action can be found at 28 U.S.C. § 1391(b), which provides that a federal civil action may, unless otherwise provided by law, be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

It is clear that the City of New York and the NYPD, an agency of the City of New York, reside both within this judicial district and in the Eastern District of New York.[1] Because Plaintiff does not allege where any of the other defendants reside, however, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1). Yet, Plaintiff does allege that the events that are the bases for his claims, including his arrest, seizure of his personal property, post-arrest detainment, physical injuries, and what appears to be the criminal prosecution of him all occurred in Brooklyn, Kings County, New York, within the Eastern District of New York, *see* 28 U.S.C. § 112(c); he does not allege any facts that suggest that a substantial portion of the alleged events occurred within this judicial district, *see* § 112(b). Thus, the United States District Court for the Eastern District of New York is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, that court may transfer that action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. § 112(c).

following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action because: (1) the underlying events allegedly occurred in Brooklyn, Kings County, in the Eastern District of New York; (2) the individual defendants are alleged to be assigned to an NYPD precinct located there; and (3) it is reasonable to expect that relevant documents and witnesses would also be located there. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* 28 U.S.C. § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 22, 2024
           New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge